UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KADEEM ARRINDEL-MARTIN,

                              Plaintiff,                                    **COMPLAINT**

                                                                     **JURY TRIAL DEMANDED**
              -against-                                                5:18-cv-780 (GTS/ATB)


THE CITY OF SYRACUSE, POLICE OFFICERS JASON EIFFE,
JEFFREY BALLAGH and EDWARD FALHOUSI all in their
capacity as individuals and POLICE CHIEF FRANK FOWLER
in his official capacity,

                              Defendants.
-----------------------------------------------------------------------X

          Plaintiff Kadeem Arrindel-Martin, by his attorney, Fred Lichtmacher of The Law

Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as

follows:

1       This civil rights action arises from the unjustified shooting of the Plaintiff by police

officers, motivated by racism, stereotyping, lack of training and a reckless disregard for life,

especially as it concerns African-Americans as well as by the Defendants' deliberate indifference

for the Plaintiff's need for timely medical care.

**JURISDICTION AND VENUE**

2       Jurisdiction is founded upon the existence of a Federal Question.

3       This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to

the United States Constitution.  Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§

1331 and 1343 (a) (3 & 4).

4       Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Northern District of New York

because events forming the basis of the Complaint occurred in that District.

**PARTIES**

5        At all times relevant, Plaintiff Kadeem Arrindel-Martin, was a resident of the City of Syracuse, Onondaga County in the State of New York and he is an African-American male.

6        Upon information and belief, at all times hereinafter mentioned, the CITY OF SYRACUSE was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7        Upon information and belief, that at all times hereinafter mentioned, Syracuse, its agents, servants and employees operated, maintained and controlled the Syracuse Police Department (SPD), including all the police officers thereof.

8        Defendants Jason Effe, Jeffrey Ballagh, and Edward Falhousi were employed by Syracuse, as members of its police department and these Defendants are sued herein in their individual capacities.

9        Defendants Jason Effe, Jeffrey Ballagh, and Edward Falhousi were at all times relevant duly appointed and acting as employees of the SPD and at all times relevant they were state actors acting under color of law.

10       Defendant Chief Frank Fowler, was at all times relevant, the Chief of Police of the SPD, and as such he was that agency's final decision maker and he is sued herein in his official capacity.

11       Defendants Frank Fowler was at all times relevant duly appointed and acting as an employee of the SPD and at all times relevant he was a state actor acting under color of law.

12       This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

### FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

13    On July 22, 2015 Plaintiff was driving a car his sister had rented for herself.

14    Plaintiff's sister's car had been repaired and Plaintiff had gone with her to pick it up, and to assist her by driving the rental back to her mother's house afterwards.

15    Over the course of the drive back to her mother's house, the Plaintiff and his sister became separated, so he pulled over to call her and find her.

16    Plaintiff parked the rental car across the street from the park then known as Lexington Park, now named Loguen Park on Lexington Street.

17    Plaintiff saw some friends playing chess and he stepped out of the car to say hello.

18    On the walk back to the rental car, Plaintiff received a call from his sister.

19    Plaintiff then saw another acquaintance whom he spoke to for approximately two minutes before getting back into the car.

20    The Plaintiff then executed a legal U-turn and in doing so pulled up behind a second car, such that Plaintiff had to put the car in reverse to put space between his car and the other, in order to pull out into traffic.

21    At approximately the same time as he was making the U-turn, a third car, which was an unmarked police car, turned onto Lexington Street.

22    As Plaintiff began backing up, unidentified persons began firing at Plaintiff, later identified as the Defendant officers Jason Effe, Jeffrey Ballagh and Edward Falhousi.

23    Terrified at being shot at for no reason, Plaintiff continued backing up, stopping just before crossing Cherry Street.

24    At approximately the same time Plaintiff stopped, the unmarked police car crashed into the Plaintiff's car and one bullet fired by a Defendant officer entered the Plaintiff's torso.

Plaintiff then shifted the car into drive in an attempt to get away from the people firing at him, and drove through the park, before crashing into a tree.

Plaintiff heard bystanders shouting that it was the cops and that he should come out of the car with his hands up.

This was the first time during the incident that the Plaintiff had reason to be aware that the car which contained the shooters, was occupied by police officers, as the officers did nothing to identify themselves, prior to shooting at the Plaintiff.

Plaintiff fell out of the car and was ordered onto the ground, and he laid down face first and was handcuffed.

Plaintiff was wearing a white t-shit and was visibly bleeding.

Upon information and belief the Plaintiff was left on the ground for approximately twenty (20) minutes before being taken in an ambulance to the hospital.

As a result of being shot by the Defendants, Plaintiff had to undergo multiple surgeries.

The bullet nicked his liver, small intestine, lung and caused broken ribs and damage to his small intestine as well as causing one of his lungs to collapse and he endured nerve damage.

Plaintiff's injuries were so severe he was placed in a medically induced coma until the 24th of July, 2015.

Upon awaking from the coma, Plaintiff was arraigned and taken to the jail floor.

The evening of the 29th of July, 2015 Plaintiff was taken to the Justice Center.

Plaintiff spent two nights in the Justice Center before being released on bail on August 1, 2015.

The next day, August 2, 2015, Plaintiff experienced severe pain in his abdomen and went back to the hospital where he was diagnosed with an abscess resulting from the fact he was not

given antibiotics after his first stay.

38    Plaintiff then became septic and had to stay in the hospital until August 12, 2015.

39    Plaintiff pled to misdemeanor reckless endangerment due to the fact that the Defendant officers generated false information to prosecute the Plaintiff in an effort to cover for their inappropriate actions.

40    The Plaintiff, fearing Defendants willingness to create false facts to put him in jail for a prolonged period of time to cover their bad acts, pled to one charge and served approximately one year in jail.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE, UNREASONABLE
AND POTENTIALLY DEADLY FORCE**

41    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

42    Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution  made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that Plaintiff was unlawfully subjected to excessive, unreasonable and potentially deadly force, by the Defendants, who shot him.

43    The excessive force to which the Plaintiff was subjected, was effected by the Defendants without authority of law and without any reasonable necessity to use any force, much less the excessive, unreasonable and potentially deadly force they employed and the force employed was used without legal justification, without Plaintiff's consent, with malice, with a conscious disregard for the injuries it could and did cause and with an intent to inflict pain and suffering.

44      As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly Plaintiff's right to be free from the use of excessive and unreasonable force.

45      By reason of the unlawful use of excessive, unreasonable and potentially deadly force, the Plaintiff was harmed physically, requiring Plaintiff to receive surgeries, medical treatment, hospitalizations, he incurred permanent scarring, loss of bodily function, he was cut and bruised, he was subjected to extreme physical pain, humiliation, embarrassment, anxiety, he was and is still experiencing various ongoing physical and emotional harms including the necessity for regular medical care, he has incurred medical bills, he faces future medical care and expenses for said care and Plaintiff was otherwise harmed.

46      By reason of the aforesaid, the Plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
FAILURE TO INTERVENE TO PREVENT THE USE OF EXCESSIVE,
UNREASONABLE AND POTENTIALLY DEADLY FORCE**

47      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

48      Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution  made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the individual Defendants had a reasonable opportunity to intervene to prevent the

use of excessive force against the Plaintiff and failed to do so, causing and allowing him to be shot.

49     The excessive force to which the Plaintiff was subjected, was effected by the Defendants without authority of law and without any reasonable necessity to use any force, much less the excessive, unreasonable and potentially deadly force they employed and the force employed was used without legal justification, without Plaintiff's consent, with malice and with an intent to inflict pain and suffering and that said excessive and unreasonable force could have been prevented if the Defendants who had the opportunity to do so had intervened to stop it from occurring.

50     As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly Plaintiff's right to be free from the use of excessive, unreasonable and potentially deadly force.

51     By reason of the unlawful use of excessive, unreasonable and potentially deadly force, the Plaintiff was harmed physically, requiring Plaintiff to receive surgeries, medical treatment, hospitalizations, he incurred permanent scarring, loss of bodily function, he was cut and bruised, he was subjected to extreme physical pain, humiliation, embarrassment, anxiety, he was and is still is being subjected to various ongoing physical and emotional harms including ongoing regular medical care, he has incurred medical bills, he faces future medical care and expenses for said care and Plaintiff was otherwise harmed.

52     By reason of the aforesaid, the Plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to an award of punitive damages, and an award of

attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS
## VIA THE DENIAL OF TIMELY, ADEQUATE MEDICAL CARE

53     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

54     The Defendant officers Jason Effe, Jeffrey Ballagh and Edward Falhousi with deliberate indifference to the Plaintiff's well being, substantially delayed in obtaining him medical care.

55     Defendants' deliberate indifference caused the Plaintiff to bleed excessively and for a prolonged period of time caused him to needlessly suffer ongoing pain and emotional harms as he lay bleeding in handcuffs while the Defendant officers, witnessed his obvious, demonstrable pain and suffering as well as the fact that he was visibly, severely bleeding, and they nevertheless needlessly delayed in procuring medical treatment for the Plaintiff.

56     The Defendant officers were subjectively aware of the Plaintiff's condition when they failed to act in an adequate, timely manner.

57     The Defendant officers, after they shot and seriously injured the Plaintiff became aware he had committed no crimes, delayed seeking treatment for him as they planned their defense to their unjustified actions, and by so doing were deliberately indifferent to the Plaintiff's urgent need for immediate medical care.

58     As a direct result of the Defendant officers' deliberate indifference to the Plaintiff's need for medical care and treatment, he suffered severe prolonged pain, emotional harms particularly via seeing himself bleed profusely without help immediately being sought, his extreme injuries were exacerbated and that he was otherwise harmed.

59    By reason of the aforesaid, the Plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION AGAINST DEFENDANT SYRACUSE i.e., MONELL CLAIM**

60    Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

61    Syracuse is liable to the Plaintiff for having violated Plaintiff's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, more specifically his rights to be free from the use of excessive and unreasonable force.

62    As a matter of *de facto* policy, Syracuse tolerates members of the SPD committing acts violating the Constitutional rights of members of the African-American community.

63    Syracuse operates and controls a police department with numerous members whoare insensitive and hostile to the African-American community.

64    The SPD has had frequent instances of the use of gratuitous, unreasonable and excessive force against members of the African-American community, and still, Syracuse has failed to take effective action to curtail the aforementioned behavior by its officers.

65    It is the *de facto* policy of the SPD to tolerate excessive force by its officers against members of the African-American community.

66    It is the *de facto* policy of the SPD to tolerate racism and stereotyping members of the African-American community as criminals by its officers.

67      The SPD has failed to adequately train, discipline and retrain its officers on matters related to interacting fairly with members of the African-American community.

68      There have been numerous instances of the Citizens' Review Board substantiating complaints of excessive force against SPD officers, yet the SPD, as a matter of policy and practice, fails to act on said findings.

69      Upon information and belief, the SPD was and is aware of the officers involved in the instant matter having used excessive and unreasonable force previously and yet took no effective measures to curtail such actions subsequently, resulting directly in Plaintiff's harms.

70      Defendant Syracuse via its *de facto* policy of tolerating the disparate and worse treatment of African-Americans, caused Plaintiff to sustain physical injuries.

71      By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages of not less than TWO MILLION ($2,000,000.00) DOLLARS, and the Plaintiff is entitled to an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff respectfully request that judgment be entered as follows:

(A)     Declaratory relief finding that Plaintiff's rights under the United States Constitution were violated;

(B)     Compensatory damages to be determined at trial in a sum not less than TWO MILLION ($2,000,000.00) DOLLARS

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual Defendants in amounts to be determined at trial;

(D)     An award to Plaintiff of the costs and disbursements herein;

(E)    An award of attorneys' fees pursuant to  42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and

proper.

Dated: New York, New York
       June 30, 2018

/ s /
_____
FRED LICHTMACHER 513193
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
116 West 23rd Street Suite 500
New York, New York 10011
Tel. No. (212) 922-9066

To:    The City of Syracuse
       City of Syracuse Corporation Counsel
       233 E Washington St
       Syracuse, NY 13202

       POLICE OFFICER JASON EIFFE,
       511 S State Street
       Syracuse New York 13202

       POLICE OFFICER  JEFFREY BALLAGH
       511 S State Street
       Syracuse New York 13202

       POLICE OFFICER EDWARD FALHOUSI
       511 S State Street
       Syracuse New York 13202

       CHIEF FRANK FOWLER
       511 S State Street
       Syracuse New York 13202