UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KADEEM ARRINDEL-MARTIN,

                Plaintiff,

v.                                                    5:18-CV-0780
                                                     (GTS/ATB)

CITY OF SYRACUSE; JASON EIFFE, Police
Officer, in his individual capacity; JEFFREY
BALLAGH, Police Officer, in his individual capacity;
EDWARD FALHOUSI, Police Officer, in his
individual capacity; and KENTON BUCKNER,
Police Chief, in his official capacity,[1]

                Defendants.
_____

APPEARANCES:                                                  OF COUNSEL:

LAW OFFICE OF FRED LICHTMACHER P.C.          FRED B. LICHTMACHER, ESQ.
  Counsel for Plaintiff
116 West 23rd Street, Suite 500
New York, NY 10011

HON. KRISTEN E. SMITH                             CHRISTINA F. DeJOSEPH, ESQ.
Corporation Counsel for City of Syracuse              Assist. Corporation Counsel
  Counsel for Defendants
233 East Washington Street
City Hall, Room 300
Syracuse, NY 13202

GLENN T. SUDDABY, Chief United States District Judge

---

[1] The Court notes that Frank Fowler was replaced as Police Chief by Kenton Buckner on December 3, 2018. Because Plaintiff sued former Police Chief Fowler only in his official capacity (not in his personal capacity), Police Chief Buckner is properly substituted as a party in this action. *See* Fed. R. Civ. P. 25(d) (indicating that, where a public officer sued in his official capacity ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party).

**DECISION and ORDER**

Currently before the Court, in this civil rights action filed by Kadeem Arrindel-Martin ("Plaintiff") against the City of Syracuse, police officers Jason Eiffe, Jeffrey Ballagh and Edward Falhousi, and Police Chief Kenton Buckner (collectively, "Defendants"), is Defendants' motion to dismiss Plaintiff's Fourth Claim against Defendant City of Syracuse and Defendant Buckner for failure to state a claim. (Dkt. No. 6.) For the reasons set forth below, Defendants' motion is granted.

**I.     RELEVANT BACKGROUND**

**A.     Plaintiff's Complaint**

Generally, in his Complaint, Plaintiff asserts four claims: (1) a claim that the Officer Defendants violated Plaintiff's rights under the Fourth Amendment by the use of excessive, unreasonable and potentially deadly force; (2) a claim that the Officer Defendants violated Plaintiff's rights under the Fourth Amendment by failing to intervene to prevent the use of excessive, unreasonable and potentially deadly force; (3) a claim that the Officer Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments by denying him timely and adequate medical care; and (4) a claim that Defendants City of Syracuse and Buckner are liable for the violations of his rights under the Fourth and Fifteenth Amendments on a theory of municipal liability. (Dkt. No. 1, at ¶¶ 41-71 [Pl.'s Compl.].)

In support of his Fourth Claim, Plaintiff alleges that Defendant City of Syracuse violated his rights by maintaining a *de facto* policy of tolerating police officers being insensitive and hostile to, and violating the constitutional rights of, members of the African-American community, in particular through the use of excessive force. (*Id.* at ¶¶ 60-66.) Plaintiff further

alleges (upon information and belief) that, despite having awareness of frequent past instances of use of excessive force, Defendants City of Syracuse and Buckner have failed to take effective actions (such as training, disciplining, or retraining officers) to curtail such behavior. (*Id.* at ¶¶ 64, 67-69.) Finally, Plaintiff alleges that there have been "numerous instances" in which the Citizens' Review Board substantiated complaints of excessive force against officers of the Syracuse Police Department. (*Id.* at ¶ 68.)

   B.  **Parties' Briefing on Defendants' Motion**

     1.  **Defendants' Memorandum of Law**

  Generally, in their motion to dismiss, Defendants argue that the Fourth Claim of Plaintiff's Complaint fails to state a claim for municipal liability against Defendants City of Syracuse and Buckner. (Dkt. No. 6, at 4-11 [Defs.' Mem. of Law].) More specifically, Defendants argue that Plaintiff has failed to sufficiently plead that (a) there was a pattern of excessive force by police officers against African-Americans that was so widespread and tolerated by Defendants City of Syracuse and Buckner that it constituted a *de facto* policy, or that (b) Defendants City of Syracuse and Buckner were deliberately indifferent to those abuses by failing to discipline or train their officers. (*Id.* at 4-6.) As to Plaintiff's allegations of the existence of a *de facto* policy, Defendants argue that these allegations are unsupported by any facts as to specific incidents of misconduct that would establish a pattern of misconduct and therefore are merely conclusory. (*Id.* at 7-8.) As to Plaintiff's allegations of deliberate indifference, Defendants argue that Plaintiff's allegations about other complaints of constitutional violations are too vague to plausibly suggest that Defendants were aware of such unconstitutional conduct but failed to take action. (*Id.* at 9-10.)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendants' motion, Plaintiff makes three arguments. (Dkt. No. 9, at 11-17 [Pl.'s Opp'n Mem. of Law].) First, Plaintiff argues that he was not obligated to produce evidence supporting all of his allegations regarding the existence of a custom or policy at this stage of the litigation, and that his existing allegations give rise to a plausible inference of a constitutional violation. (*Id.* at 11-14.) Plaintiff further argues that he has stated sufficient factual allegations to proceed to discovery on this issue and that he intends to present evidence of incidents involving similar conduct at trial to establish entitlement to relief on the Fourth Claim. (*Id.* at 13-14.)

Second, Plaintiff argues that the complaint presented by Defendants from another case against Defendants City of Syracuse and Buckner supports his allegations by showing an instance of a similar use of excessive force against a member of the African-American community. (*Id.* at 15.)

Third, Plaintiff argues that Defendants' motion must fail because they have not shown that there is no set of facts that will support Plaintiff's allegations and their motion should therefore be denied. (*Id.* at 16-17.)

### 3. Defendants' Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendants make two arguments. (Dkt. No. 10, at 1-6 [Defs.' Reply Mem. of Law].) First, Defendants acknowledge that Plaintiff is not required to prove his claim at this stage of the proceeding, but argue that Plaintiff has failed to plead sufficient facts to state a plausible claim for relief. (*Id.* at 1-5.) More specifically, Defendants argue that Plaintiff's Complaint is devoid of any factual allegations beyond bare

"defendants-harmed-me" statements and "naked assertions devoid of further factual enhancement." (*Id.* at 3.) Defendants argue that Plaintiff has not provided any specific facts related to the alleged Citizens' Review Board complaints to support his allegations. (*Id.*) Defendants also argue that the submitted complaint from another case before this Court does not support Plaintiff's allegations because (a) the actions in that case occurred after the actions in this case occurred (and thus cannot be part of a pattern of conduct from before Plaintiff was harmed), and (b) the fact that allegations of unconstitutional conduct have been brought, without an adjudication of the merits to substantiate those allegations, does not prove that constitutional violations actually occurred. (*Id.* at 4-5.)

Second, Defendants argue that the "no-set-of-facts" standard was abrogated by the Supreme Court in 2007 and replaced by the plausibility standard, and therefore Plaintiff's arguments are based on the incorrect legal standard. (*Id.* at 6.)

## II. GOVERNING LEGAL STANDARDS

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer

7

possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

---

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are

## III. ANALYSIS

After careful consideration of whether Plaintiff has sufficiently alleged facts to state a plausible claim against Defendants City of Syracuse and Buckner in his Fourth Claim, the Court answers this question in the negative for the reasons stated in Defendants' memoranda of law. (Dkt. No. 6 [Defs.' Mem. of Law]; Dkt. No. 10 [Defs.' Reply Mem. of Law].) To those reasons, the Court adds the following analysis.

Because the parties appear to disagree as to the relevant standard for assessing a motion to dismiss, the Court first notes that Defendant is correct in stating that the "no-set-of-facts" standard is no longer the law; rather, as discussed above in great detail in Part II of this Decision and Order, that standard has been replaced by the plausibility standard outlined in *Twombly* and *Iqbal*. *Twombly*, 127 S. Ct. at 1968-69. The Court will therefore ignore all of Plaintiff's invocations of the previous standard and rely on the correct plausibility standard to guide its analysis of Defendants' motion.

---

"integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

As to the existence of a policy or custom, the Court notes that the question of whether Plaintiff's Fourth Claim is plausibly pled turns primarily on his allegation that there have been "frequent instances" of the use of excessive force by the Syracuse Police Department, and, more specifically, that there have been "numerous instances of the Citizens' Review Board substantiating complaints of excessive force against [Syracuse Police Department] officers." (Dkt. No. 1, at ¶¶ 64, 68 [Pl.'s Compl.].) However, the Court is not convinced that these vague allegations (even when taken together with the totality of the allegations in the Complaint) suffice to plausibly suggest the existence of a policy based on a pattern of conduct.

In order for prior acts to constitute a *de facto* policy of a municipality, those acts must have been "'sufficiently widespread and persistent.'" *Trombley v. O'Neill*, 929 F. Supp. 2d 81, 94 (N.D.N.Y. 2013) (Suddaby, J.). "[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.3d 119, 123 (2d Cir. 1991); *see also City of Oklahoma City v. Turtle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). Plaintiff makes a number of allusions, in both his Complaint and his opposition memorandum of law, to the "numerous" complaints of excessive force against the Syracuse Police Department that have been substantiated by the Citizens' Review Board. However, he does not elaborate on that allegation in a number of key respects: (1) he does not state how many substantiated complaints there have been; (2) he does not state when any of these complaints were made and/or substantiated; and (3)

he does not state any facts related to these incidents, such as type of force, the race of the victims, and other circumstances that bear on determining whether they are sufficiently similar to the alleged unconstitutional conduct in this case. (Dkt. No. 1, at ¶ 68 [Pl.'s Compl.]; Dkt. No. 9, at 14 [Pl.'s Opp'n Mem. of Law].) Even taking as true (as the Court must) Plaintiff's allegation that there have been uses of excessive force against members of the African-American community and that at least some complaints of excessive force have been sustained, Plaintiff's failure to allege how many of these complaints were substantiated (and how many of those substantiated claims were brought by members of the African-American community) and over what span of time they occurred and were substantiated prevents this Court from being able to determine whether Plaintiff has plausibly suggested a pattern that might constitute a *de facto* policy of use of excessive force on the basis of racial discrimination.

The Court notes that Plaintiff is not required to provide voluminous specific detail of many specific substantiated complaints in order to survive a motion to dismiss. *See Ferrari v. Cnty of Suffolk*, 790 F. Supp. 2d 34, 46 (E.D.N.Y. 2011) (finding that identification of two other instances of a similar violation were sufficient to create a plausible inference of a widespread practice for the purposes of a motion to dismiss); *but see Jones v. Town of E. Haven*, 691 F.3d 72, 85 (2d Cir. 2012) (finding that two or three instances over several years of officers abusing the rights of black people and one incident in which an officer displayed a disposition to abuse the rights of black people fell short of showing a policy, custom, or usage of officers abusing black people); *Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (finding that four examples did not establish a practice so persistent or widespread so as to justify the imposition of municipal liability). However, Plaintiff has failed to provide *any* factual basis for

11

his allegations. Most seriously, although he alleges that the other instances of substantiated complaints involved excessive force against Syracuse Police Department officers, Plaintiff does not allege facts plausibly suggesting that all (or any) of these substantiated complaints were from African-Americans, a crucial factual point given that Plaintiff alleges the relevant unlawful policy involves racism and use of excessive force specifically against members of the African-American community.[3] Without any such factual elaboration, the Court cannot say that Plaintiff has nudged his allegations of a *de facto* policy using excessive force against members of the African American community into the realm of plausibility.

In his opposition memorandum of law, Plaintiff states that, "[h]ere, although Plaintiff's allegations regarding the *de facto* policy at issue are not fully fleshed out, Plaintiff has stated enough for the Court at least to allow limited discovery to go forward on the question of exactly what 'permission' or 'custom'" existed. (Dkt. No. 9, at 14 [Pl.'s Opp'n Mem. of Law].) However, the purpose of the plausibility standard is to require a plaintiff to allege sufficient facts to state a claim; it is not a license for a plaintiff to conduct a fishing expedition in an attempt to obtain discovery that might support his allegations. *See Yamashita v. Scholastic, Inc.*, 16-CV-

---

[3] The Court concedes that Plaintiff does specifically allege in another paragraph that the Syracuse Police Department "has had frequent instances of the use of gratuitous, unreasonable and excessive force against members of the African-American community." (Dkt. No. 1, at ¶ 64 [Pl.'s Compl.].) However, here, again, Plaintiff has failed to provide even the barest of facts to indicate approximately how many of these incidents have occurred, when they occurred, whether these incidents were in some way litigated (whether by a court or an administrative body like the Citizens' Review Board), or whether any of these "frequent" alleged uses of excessive force were substantiated. Such vague allegations, on their own, do not suffice to establish a plausible pattern or policy, and, as will be discussed in greater detail in relation to Plaintiff's argument about failure to supervise or train, they do not suffice to plausibly suggest that Defendants City of Syracuse and Buckner were aware of or deliberately indifferent to such conduct.

9201, 2017 WL 74738, at *2 (S.D.N.Y. Jan. 5, 2017) (finding that "[t]he complaint contains so few factual allegations it is nothing more than a fishing expedition," and "Rule 8 does not permit such aimless trawling").

As to Plaintiff's allegation that the Syracuse Police Department has failed to adequately train, discipline, and retrain its officers on "interacting fairly with members of the African-American community," the Court finds these allegations insufficient to state a plausible basis for imposing municipal liability. "In order for municipal nonfeasance–e.g., the failure to train, to supervise, or to discipline–to give rise to *Monell* liability, the alleged municipal failure must 'amount[] to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact.'" *Ameduri v. Vill. of Frankfort*, 10 F. Supp. 3d 320, 340 (N.D.N.Y. 2014) (Mordue, J.) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 [1989]). "'Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011). "The operative inquiry is whether those facts demonstrate that the policymaker's inaction was the result of 'conscious choice' and not 'mere negligence.'" *Cash v. Cnty of Erie*, 654 F.3d 324, 334 (2d Cir. 2011); *see also Benacquista v. Spratt*, 217 F. Supp. 3d 588, 600-01 (N.D.N.Y. 2016) (Hurd, J.) ("'To establish deliberate indifference[,] a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights.'").

Plaintiff's allegations do not plausibly suggest that Defendants City of Syracuse and Buckner were deliberately indifferent to unconstitutional conduct. As discussed above, the only factual allegations that would suggest that Defendants City of Syracuse and Buckner would have

13

known of unconstitutional use of excessive force against members of the African-American community are those related to the alleged previous instances of use of that force and previous complaints. However, these allegations no more plausibly suggest that Defendants City of Syracuse and Buckner were aware of constitutional violations than they suggest that such actions constituted an official policy; this is because of the failure to provide supporting factual allegations. Specifically, although Plaintiff alleges that there have been frequent instances of the use of excessive force against members of the African-American community, he offers no factual allegations plausibly suggesting that the Syracuse Police Department was aware of these occurrences; his conclusory statement that the Syracuse Police Department was aware of the use of excessive force by Defendant Officers"[u]pon information and belief" is an insufficient legal conclusion that the Court need not accept as true. Nor do the alleged "numerous" substantiated complaints from the Citizens' Review Board remedy this deficiency; in addition to having the shortcomings discussed above in relation to the existence of a policy or custom, these substantiated complaints (according to Plaintiff's allegations) do not appear to have been against Defendant Officers, so as to have alerted Defendants City of Syracuse and Buckner that those Defendants were likely to commit further constitutional violations in the future.

As to Plaintiff's argument that the *Tennyson* complaint supports his allegations regarding the existence of a widespread pattern of conduct of which Defendants City of Syracuse and Buckner were aware (and to the extent that such external material is even appropriate for consideration on this motion to dismiss),[4] the Court finds that such argument is contrary to the

---

[4] The Court notes that the *Tennyson* action was not mentioned anywhere in Plaintiff's Complaint.

many cases of courts within this Circuit that have found that accusations, without an outcome substantiating unconstitutional conduct, is of no relevance for establishing the existence of a policy, custom, or pattern of unlawful conduct. *See Ortiz v. Parkchester N. Condominium*, 16-CV-9646, 2018 WL 2976011, at *6-7 (S.D.N.Y. June 13, 2018) ("The FAC's reference to other lawsuits over the span of nearly two decades involving allegedly similar unlawful conduct without any allegations as to the ultimate disposition of those lawsuits is insufficient to allege a practice so widespread and persistent as to amount to a policy or custom.") (citing cases); *Esperanza v. City of New York*, 325 F. Supp. 3d 288, 309 (E.D.N.Y. 2018) ("'Plaintiffs seem to proceed on the assumption that if a complaint . . . is filed against an officer, it follows *ipso facto* that he is guilty of a constitutional violation, a proposition [this Court] cannot accept.'") (alterations in original); *Kucharczyk v. Westchester Cnty.*, 95 F. Supp. 3d 529, 543 (S.D.N.Y. 2015) ("'[T]he Second Circuit and the district courts within the Second Circuit have held that a plaintiff's citation to a few lawsuits involving claims of alleged [constitutional violations] is not probative of the existence of an underlying policy by a municipality.'") (alterations in original).

Additionally, Plaintiff's argument ignores the fact that, in *Tennyson*, Senior U.S. District Judge Norman A. Mordue dismissed the *Monell* claim against the City of Syracuse and Police Chief Buckner. *Tennyson v. City of Syracuse*, 5:16-CV-0929, Decision and Order, (N.D.N.Y. Nov. 15, 2017). Specifically, Judge Mordue found that (a) although the plaintiff alleged that there were frequent complaints brought to Internal Affairs and the Citizens' Review Board, he failed to allege any other *specific* instances of misconduct or facts from which it could be plausibly inferred that constitutional violations were persistent and widespread, and (b) because the plaintiff had failed to plausibly allege a known pattern of misconduct, he also failed to

plausibly allege an obvious need to discipline officers, much less deliberate indifference. *Tennyson*, Decision and Order, at 7-8. As to any failure to discipline the officers, Judge Mordue noted that there were no allegations that the alleged other complaints involved the use of excessive force or whether those claims were found to be substantiated so as to warrant the imposition of discipline. *Id.*, at 8.

Although Plaintiff's allegations in the Complaint in this case solve some of the problems identified by Judge Mordue in the *Tennyson* complaint (i.e., Plaintiff alleges that the complaints were related to excessive force and that some complaints of excessive force had been substantiated by the Citizens' Review Board) the Court does not find that these differences merit a different outcome. Plaintiff still has failed to allege instances of misconduct from which the Court could plausibly infer a pattern of unconstitutional conduct of which Defendants City of Syracuse and Buckner knew or should have been aware, or that they were deliberately indifferent to any such knowledge. *See Walker v. City of New York*, 14-CV-0808, 2015 WL 4254026, at *11 (S.D.N.Y. July 14, 2015) (noting that, in finding that the plaintiff's allegations of similar misconduct in the past did not create a plausible inference of deliberate indifference, the plaintiff did "not allege any specific facts as to the contents of the complaints, how many were filed, and when they were filed). As discussed above, even if "numerous" complaints of excessive force have been substantiated by the Citizens' Review Board, Plaintiff fails to allege any facts as to the amount of these complaints, approximately when they were filed and/or substantiated, or whether the complaints that were substantiated were brought by members of the African-American community. Without such basic factual allegations, it is nearly impossible for the Court to determine whether those substantiated complaints in particular plausibly suggest a

patten of conduct that was so persistent and widespread and of which Defendants City of Syracuse and Buckner should have known but to which they were deliberately indifferent.

For all of the above reasons, the Court grants Defendants' motion to dismiss the Fourth Claim against Defendants City of Syracuse and Buckner.[5]

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Fourth Claim is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall terminate as parties to this action Defendants City of Syracuse and Police Chief Buckner; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Andrew T. Baxter for the setting of pretrial scheduling deadlines.

Dated: December 18, 2018
   Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[5] The Court notes that Defendant Buckner is not implicated by any of Plaintiff's claims other than the Fourth Claim (through his role as Chief of Police for the Syracuse Police Department). Plaintiff's factual allegations state that only Defendants Eiffe, Ballagh, and Falhousi were personally involved in the alleged use of excessive force and failure to provide timely medical care; he makes no allegations against Defendant Buckner (or former Police Chief Fowler in his official capacity) specifically as to the use of force or failure to provide medical care. (Dkt. No. 1, at ¶¶ 13-34 [Pl.'s Compl.].) In addition, Plaintiff's Complaint indicates that any claims against Defendant Buckner are in his official capacity only. Given Plaintiff's factual allegations, the Court could not reasonably interpret the Complaint as asserting the First, Second, and Third Claims against Defendant Buckner. Therefore, failure to state a plausible claim as to the Fourth Claim merits dismissal of Defendant Buckner from this action.